UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL DAVIS,**

      Plaintiff,

v.                                              Case No: 6:23-cv-72-RBD-EJK

**JOHN W. MINA, MICHAEL FULLER, TODD MAHONEY, and RANDOLF HERSCHELMAN,**

      Defendants.

**ORDER**

This cause comes before the Court on Defendants' Motion for Sanctions (Doc. 54) (the "Motion"), filed November 6, 2023. Therein, Defendants request dismissal of this lawsuit as a sanction pursuant to Federal Rule of Civil Procedure 37, for Plaintiff's failure to appear at his scheduled deposition on two separate occasions. (Doc. 54 at 4.) Plaintiff did not file a response in opposition to the Motion. The Motion is now ripe for review. For the reasons stated below, the Motion is due to be denied.

**I.   BACKGROUND**

On January 31, 2023, Michael Davis ("Plaintiff") initiated this action against Orange County Sheriff John W. Mina and Deputies Michael Fuller, Todd Mahoney, and Randolf Herschelman, in their individual capacities ("Defendants"), asserting claims for violations of his civil rights under 42 U.S.C. § 1983 and state law battery under Florida Statute § 768.28(9)(a). (Doc. 1 at ¶¶ 24, 36, 41.) The Court entered a

Case Management and Scheduling Order ("CMSO"), which set forth certain requirements and deadlines before a jury trial scheduled for the May 6, 2024 trial term. *See* (Doc. 33.) According to the CMSO, November 3, 2023, was the deadline to complete discovery. (*Id.* at 3.) The CMSO makes clear that the Court "will strictly enforce the deadlines set in this CMSO. Such deadlines are effective unless modified by written Order." (*Id.*) Plaintiff's Unopposed Time-Sensitive Motion to Extend the Expert Disclosure and Discovery Deadline (Doc. 41) was denied on August 23, 2023. (Doc. 42.)

On October 17, 2023, Plaintiff did not show up for his deposition scheduled to occur that day. (Doc. 54 at 2.) On the day of the deposition, Plaintiff informed his attorney, after the deposition was scheduled to begin, that "he did not have transportation from Brevard County." (*Id.*) Defendants chose to reschedule the deposition to occur on November 2, 2023. (*Id.*) On November 2, 2023, Plaintiff, again, failed to appear for his scheduled deposition. (*Id.*) The next day, Plaintiff's attorney informed defense counsel he had since become aware that Plaintiff failed to appear for the deposition because he was in jail.[1] (*Id.*) Defendants now seek sanctions against Plaintiff in the form of dismissal of this action due to Plaintiff's failure to attend these two depositions. (*Id.* at 4.)

---

[1] According to Brevard County, Florida public records, Plaintiff was arrested on October 30, 2023, in Cocoa Beach, Florida. *See* Arrest Aff., *Florida v. Davis*, No. 05-2023-CF-052472 (Fla. Cir. Ct. Oct. 30, 2023). On November 4, 2023, Plaintiff was released on a $5,000.00 surety bond. *Id.*

## II.  STANDARD

A court may, on motion, order sanctions if a party, "after being served with proper notice," fails to appear for his deposition. Fed. R. Civ. 37(d)(1)(A)(i). "A deposition is properly noticed when the party seeking to depose a person by oral questions, provides such person with a reasonable written notice stating, 'the time and place of the deposition and, if known, the deponent's name and address.'" *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, No. 8:18-cv-2651-T-33SPF, 2019 WL 4254471 at \*4 (M.D. Fla. Sept. 9, 2019) (citing Fed. R. Civ. P. 30(b)(1)). The party seeking sanctions under Rule 37 bears the burden of establishing that an opposing party failed to comply with Rule 26 or a discovery order. *See DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 253 (N.D. Fla. 2019). The "drastic sanctions of dismissal or default are warranted only on a clear record of delay or willful contempt." *Cent . Fla. Council Boy Scouts of Am., Inc. v. Rasmussen*, No. 6:07-cv-1901-Orl-19GJK, 2009 WL 2781540 at \*5 (M.D. Fla. Aug. 28, 2009). Discovery violations that result from negligence, misunderstanding, or the party's inability to comply with an order or rule warrants a less severe sanction. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Rodriguez v. Am. K-9 Detention Services, LLC*, No. 6-15-cv-23-Orl-37KRS, 2016 WL 1475080 at \*5 (M.D. Fla. Apr. 15, 2016).

A district court's power to impose dismissal or default judgment against a non-compliant party, therefore, should be used only as a last resort. *Malautea*, 987 F.2d at 1542. ("[T]he severe sanction of a dismissal or default judgment is appropriate only as

a last resort, when less drastic sanctions would not ensure compliance[.]"). This is due to the strong policy in favor of courts adjudicating cases on their merits. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (noting the "strong preference that cases be heard on the merits").

### III. DISCUSSION

Although the Court considers the Motion to be unopposed because Plaintiff never filed a response,[2] Defendants, as the moving party, bear the initial burden of showing that Plaintiff was served with proper notice to attend the October 17 and November 2 depositions. *See* Federal Rule of Civil Procedure 37(d)(1)(A)(i). Since Defendants failed to include the notices of deposition as exhibits with the Motion, the Court cannot analyze whether Defendants properly served Plaintiff with the notices of deposition. *See Torres v. Nike*, No. 6-20-cv-350-CEM-LRH, 2021 WL 8894349 at *1 (M.D. Fla. Nov. 17, 2021) (finding proper notice requirement was met when plaintiff did not respond in opposition to the motion and defendant had attached to the motion as exhibits: 1) the notice of deposition stating the time and place of the deposition, which included a certificate of service stating plaintiff's counsel was served with the notice; and 2) the transcript of the canceled deposition, which established counsel for plaintiff reminded plaintiff about the deposition on at least two prior occasions.) Furthermore, the Local Rules require written notice of a deposition by oral examination to be provided to the deponent fourteen days before the deposition. *See*

---

[2] *See* Local Rule 3.01(c).

Local Rule 3.04. Defendants do not address when they provided notice of the two missed depositions to Plaintiff. Thus, the Court finds that Defendants have not satisfied the "proper notice" requirement of Rule 37(d)(1)(A)(i), which is necessary before the Court can determine whether a party's failure to attend a deposition warrants sanctions and what kind of sanctions should be imposed.

Additionally, upon review of the Motion and the record, it is unclear why defense counsel sought to depose Plaintiff for the first time on October 17, 2023. Both parties have known since March 27, 2023, that the discovery deadline was November 3, 2023. (*See* Doc. 33.) In denying Plaintiff's Unopposed Time-Sensitive Motion to Extend the Expert Disclosure and Discovery Deadline (Doc. 41), Judge Dalton similarly noted Plaintiff's counsel's absence of an explanation as to why the parties scheduled initial fact depositions to take place in October. *See* Doc. 42 at 3 ("Plaintiff offers no explanation as to why these fact depositions were not scheduled long before October (just before the overall discovery deadline) . . . ."). The Defendants argue that they "are now forced [sic] with the prospect of filing a dispositive motion on the defense of qualified immunity without the benefit of Plaintiff's deposition[,]" yet Defendants do not explain why they waited until the last minute to depose Plaintiff. (Doc. 54 at 4.)

The Court acknowledges that Defendants likely did not anticipate that Plaintiff would be unable to attend his rescheduled deposition because he was in jail. Nevertheless, this serves as a cautionary tale—Defendants' decisions to wait until the eleventh hour to schedule Plaintiff's deposition, to abstain from seeking court

intervention after Plaintiff's first failure to appear, and to file a motion for sanctions that is not properly supported does not demonstrate the diligence required for the relief that they seek. *See* Doc. 33 at 10 ("The parties must be **diligent** in their discovery efforts and – subject to compliance with the Good Faith Conference and Certification Requirements – must **promptly** raise any discovery dispute with the Court.") (emphasis added). Therefore, the Motion is due to be denied.

### IV. CONCLUSION

Accordingly, the Motion (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2023.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE